GREAT AMERICAN INSURANCE COMPANY, a corporation, Plaintiff,

v.

Lloyd WYPINGER, Bessie M. Bean, Defendants.

Civ. No. 39812.

United States District Court
N. D. California, S. D.

March 19, 1962.

Cooley, Crowley, Gaither, Godward, Castro & Huddleson, San Francisco, Cal., for plaintiff.

Foley & Foley, San Jose, Cal., for defendant Lloyd Wypinger.

Johnson, Thorne, Speed & Bamford, San Jose, Cal., for defendant Bessie M. Bean.

ZIRPOLI, District Judge.

Plaintiff brought this action seeking a judgment declaring the respective rights and liabilities of plaintiff and defendant, Lloyd Wypinger, under plaintiff's policy insuring Wypinger against any liability

arising "out of the ownership, maintenance or use of" certain described premises as a furniture store. On December 21, 1961, the Court entered judgment in favor of plaintiff based on its finding and conclusion that plaintiff's policy did not cover Wypinger for liability he might incur as a result of his act of throwing a volleyball while on the premises of the Goodwill Industries for the purpose of purchasing furniture for resale at his store.

Defendants have moved for a new trial, vigorously arguing that Wypinger's playful act in throwing the volleyball, which did not further any business purpose, but which occurred in the course of a business errand, must reasonably be held to fall within the coverage of plaintiff's liability policy. Reliance is placed on two lines of judicial authority: (1) those cases which hold that injuries suffered by an employee as the result of on-the-job horseplay are compensable under Workmen's Compensation statutes as injuries "arising out of and in the course of employment;" and (2) those cases which impose liability upon a master for his employees' playful acts of negligence which are done on the job but in no way tend to further it.

The considerations which underlie the decisions relied upon by defendants are very different from the considerations which must govern the interpretation of plaintiff's contract of insurance.

In the Workmen's Compensation cases, the courts were interpreting a remedial statute designed to afford broad protection to workmen injured on the job and to place the financial burden of industrial injuries on the business enterprises which profited from the labor of their employees.

In those cases defining the scope of a master's liability for the torts of his servants, the courts were shaping a law-imposed liability with a view toward placing the financial burden of injury arising out of business operations on those best situated to deal with it from an economic standpoint.

In the present case, the Court has before it merely the question of determining the extent of the liability assumed by plaintiff in a private contract with the defendant Wypinger. No broad questions of public policy are involved. In arriving at its decision the Court applied the traditional rules governing the interpretation of contracts as well as those specially applicable to contracts of insurance. The Court is satisfied from the language of the contract in the factual background of this case, that the parties to the contract did not intend that plaintiff should assume liability for deliberate acts of Wypinger wholly unrelated to any business purpose, even though done during the course of a business errand.

Defendants' motion for a new trial is denied.